UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MARISSA CARTER<br>809 Sheridan Street<br>Hyattsville, Maryland 20783<br><br>    Plaintiff,<br><br>    v.<br><br>WASHINGTON METROPOLITAN<br> AREA TRANSIT AUTHORITY<br>600 Fifth Street, NW<br>Washington, DC 20001<br><br>    Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)  Case No. 1:05-cv-01970-RJL<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## DEFENDANT WMATA'S MOTION TO DISMISS

Defendant Washington Metropolitan Area Transit Authority ("WMATA") respectfully moves the Court, pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6), to dismiss this case for lack of subject matter jurisdiction and/or for failure to state a claim upon which relief can be granted.  The grounds for this Motion are set forth in greater detail in the accompanying Memorandum of Points and Authorities.

WHEREFORE, for the foregoing reasons, WMATA respectfully requests that this Motion be granted and the case be dismissed with prejudice.

RESPECTFULLY SUBMITTED,

Carol B. O'Keefe #445277
General Counsel

/s/
Mark F. Sullivan #430876
Deputy General Counsel

/s/
Gerard J. Stief #925933
Associate General Counsel
600 Fifth Street, NW
Washington, DC 20001
(202) 962-1463
Attorney for Defendant WMATA

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing **Defendant WMATA's Motion to Dismiss** was mailed, postage prepaid, this 9th day of January 2006, to:

Kenneth D. Bynum, Esq.
Ronald Dixon, Esq.
Bynum and Jenkins
901 North Pitt Street, Suite 320
Alexandria, VA 22314

/s/
Gerard J. Stief

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MARISSA CARTER )<br>809 Sheridan Street )<br>Hyattsville, Maryland 20783 )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>WASHINGTON METROPOLITAN )<br>  AREA TRANSIT AUTHORITY )<br>600 Fifth Street, NW )<br>Washington, DC 20001 )<br>)<br>Defendants. )<br>) | Case No. 1:05-cv-01970-RJL |

MEMORANDUM OF POINTS
AND AUTHORITIES IN SUPPORT
OF DEFENDANT WMATA'S
<u>MOTION TO DISMISS</u>

### <u>INTRODUCTION AND FACTUAL BACKGROUND</u>

Plaintiff Marissa L. Carter filed this lawsuit against her employer, the Washington Metropolitan Area Transit Authority ("WMATA"), pursuant to Title VII of the 1964 Civil Rights Act, 42 U.S.C. § 2000e <u>et</u> <u>seq</u>.  Plaintiff, a WMATA Metrorail station manager, alleges that on July 6, 2004, she was touched by another WMATA employee, who was a bus operator, in a sexually offensive way. (Complaint, Paragraphs 6, 9-11).[1]  At the time of the alleged incident, Plaintiff was

---

[1] WMATA presents the facts as pled by Plaintiff in her Complaint for purposes of this Motion only.  WMATA reserves the right to challenge these facts should any further proceedings prove necessary.

in the kiosk utilized by station managers such as herself at the Ft. Totten Metrorail station in the District of Columbia.  (Id., Paragraphs 9-10).

On January 19, 2005, 197 days after the July 6, 2004 incident, Plaintiff filed her Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC").  (Id., Paragraph 5).  On July 5, 2005, EEOC mailed Plaintiff a Notice of Right to Sue.  (Id., Paragraph 5).  Plaintiff received the Right-to-Sue Notice on July 8, 2005.  (Id., Paragraph 5).  Plaintiff filed the instant action on October 5, 2005.  (Complaint).

Plaintiff's Complaint contains three unnumbered Counts.  The first Count (Paragraphs 20-22) is entitled "Title VII: Disparate Treatment Based On Sex".  The second Count (Paragraphs 23-26) is entitled "Common Law Sexual Assault And Battery."  The third Count (Paragraphs 27-30) is entitled "Respondeat Superior", related to the allegations of assault and battery.

For the reasons set forth below, WMATA is entitled to dismissal with prejudice of this action because, based on her own allegations in the Complaint: (1) Plaintiff failed to file Charge of Discrimination with EEOC within 180 days of July 6, 2004, as mandated by 42 U.S.C. § 2000e-5(e)(1), requiring dismissal of the first Count; (2) Plaintiff failed to file suit on her assault and battery and respondeat superior claims within one year of July 6, 2004, requiring dismissal of the second and third Counts.

**ARGUMENT**

**I. The First Count Must Be Dismissed Because Plaintiff Failed To File A Charge of Discrimination With EEOC Within 180 Days Of The Incident In Issue.**

In order to maintain an action for discrimination based on race or disability in violation of Title VII, a prospective plaintiff must file a Charge of Discrimination with the EEOC within 180 days from the date of the alleged violation. 42 U.S.C. § 2000e-5(e)(1). A party seeking relief under Title VII must file timely charges of employment discrimination with the EEOC before seeking judicial relief. McDonnell Douglas Corp. v. Green, 411 U.S. 792, 798 (1973); Washington v. WMATA, 160 F.3d 750, 752 (D.C. Cir. 1998), cert. denied, 527 U.S. 1038 (1999). In National Railroad Passenger Corp. v. Morgan, 536 U.S. 101, 109 (2002), the Court reaffirmed that the time limits of Title VII must be strictly adhered to, noting that the text of Title VII "makes the act of filing a charge within the specified time period mandatory."

Plaintiff's Complaint makes clear that the allegedly discriminatory event occurred on July 6, 2004. (Complaint, Paragraphs 9-12). The Complaint also makes clear that Plaintiff did not file her Charge of Discrimination with EEOC until January 19, 2005, 197 days later. (Id., Paragraph 5). Thus, Plaintiff's first Count alleging Title VII disparate treatment based on sex is time-barred.

**II. The Second And Third Counts Must Be Dismissed Because Plaintiff Failed To File Suit Within One Year Of The Alleged Incident In Issue.**

The second Count of the Complaint raises common law sexual assault and battery claims, and the third Count raises respondeat superior allegations for the assault and battery claims. District of Columbia law provides a one-year statute of limitations for assault and battery claims. D.C. Code § 12-301(4) ("for libel, slander, assault, battery, . . .— 1 year"). The operative event occurred on July 6, 2004. Plaintiff filed this action on October 5, 2005, more than one year later. Consequently, the second and third Counts are time-barred.[2]

## CONCLUSION

For the foregoing reasons, WMATA respectfully requests that this Motion be granted and that this case be dismissed with prejudice.

---

[2] In her prayer for relief, Plaintiff requests "Payment of compensation and punitive damages pursuant to 42 U.S.C. § 1981a" with reference to her Title VII claim. WMATA, as a state-level governmental entity possessing sovereign immunity, is not subject to claims for punitive damages, as 42 U.S.C. § 1981a(b)(1) specifically precludes any award of punitive damages against a governmental entity. See City of Newport v. Fact Concerts, Inc., 453 U.S. 247, 267 (1981) (governmental entities are immune from claims for punitive damage); see also Finkelstein v. District of Columbia, 593 A.2d 591, 599 (1991) (en banc). ("punitive damages may not be awarded against the District of Columbia"); Wainwright v. WMATA, 958 F. Supp. 6, 7 (D.D.C. 1997) ("punitive damages are unavailable agaist WMATA"); Excavation Constr., Inc. v. WMATA, 624 F. Supp. 582, 588 (D.D.C. 1984) ('WMATA is not, as a matter of law, subject to an award of punitive damages against it"). Consequently, any claim for punitive damages against WMATA must be dismissed as a matter of law.

RESPECTFULLY SUBMITTED,

Carol B. O'Keefe #445277
General Counsel

_____/s/_____
Mark F. Sullivan #430876
Deputy General Counsel

_____/s/_____
Gerard J. Stief #925933
Associate General Counsel
600 Fifth Street, NW
Washington, DC 20001
(202) 962-1463
Attorney for Defendant WMATA

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **MARISSA CARTER** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | ) Case No. 1:05-cv-01970-RJL |
| | ) |
| **WASHINGTON METROPOLITAN** | ) |
| **AREA TRANSIT AUTHORITY** | ) |
| | ) |
| **Defendant.** | ) |
| | ) |

## ORDER

Upon consideration of Defendant WMATA's Motion to Dismiss, the Opposition thereto, and good cause having been shown, it is by the Court this ____ day of _____, 2006:

ORDERED, that the Motion is granted and the case is dismissed with prejudice. Based on the allegations in her Complaint, Plaintiff's Title VII claim is barred by her failure to file a Charge of Discrimination with EEOC within 180 days of the operative event. Plaintiff's common law claims are barred by the one-year limitations period or D.C. Code § 12-301(4) governing assault and battery claims.

_____
United States District Judge