UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Marissa L. Carter ) | |
| 809 Sheridan Street ) | |
| Hyattsville, Maryland  20783 ) | |
| ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 05-1970 |
| ) | |
| Washington Metropolitan Transit Authority ) | |
| 600 Fifth Street, NW ) | |
| Washington, DC 20001 ) | |
| Defendant. ) | |
| ) | |

PLAINTIFF'S OPPOSITION TO MOTION TO DISMISS

Comes now, Plaintiff, Marissa Carter, by counsel, Ronald Dixon and Kenneth D. Bynum of Bynum and Jenkins, PLLC, and respectfully respond to Defendant Washington Metropolitan Area Transit Authority's  ("WMATA") Motion to Dismiss. For the reasons stated herein, WMATA's motion should be denied.

Plaintiff was sexually assaulted in a kiosk by a WMATA employee on July 6, 2004 while both were on duty with WMATA.  Plaintiff immediately filed a complaint with WMATA which conducted an internal investigation. The internal investigation was required by WMATA's  regulations. At the conclusion of the investigation, WMATA found there was no basis for the Plaintiff's claim. See, Exhibit A, attached. Thereafter Plaintiff was directed by WMATA to go to the United States Equal Employment Opportunity Field Office in Washington and file a charge of discrimination. See, Exhibit B. Upon arriving  in the Washington Field Office the Plaintiff asked to file a charge of

discrimination against the Defendant. Plaintiff was directed to fill out a questionnaire and return on the next available date in January 2005. See, Exhibit 3, Affidavit of Plaintiff.

The EEOC completed its investigation and found the evidence to be in equipoise. The EEOC then advised the Plaintiff that she had ninety days to file a lawsuit in the appropriate court. See, Exhibit D.  Plaintiff then timely filed the instant lawsuit on       , 2005.

The gravaman of Defendant's motion to dismiss is that the Plaintiff did not file a charge of discrimination until January 2005 outside of the time period she was required to file the charge. And, as a result of her untimeliness,  the lawsuit must be dismissed.

1. PLAINTIFF'S CHARGE OF DISCRIMINATION WAS MADE  DURING HER FIRST VISIT TO EEOC IN OCTOBER 2004

Plaintiff, a layperson, followed the Defendant's internal procedures when she first made her complaint to the agency. She continued to follow the procedures when she visited the EEOC. As can be plainly seen in the responses she made to the questionnaire, Plaintiff was making a claim that she had been discriminated against in her workplace. At the conclusion of her visit she was advised that her claim procedure would continue with a follow up interview in January of 2005. At no time did the Plaintiff not believe she was not making a charge of discrimination when she visited with the EEOC Washington Field Office in October 2004. Assuming the Defendant's best argument that no "formal" complaint was made until January 2005, then potentially every WMATA employee and every District of Columbia resident who is required to file a charge of discrimination with the local Washington DC field office of the EEOC risks their claim to be filed on an untimely basis  if the initial visit and the filling out of the questionnaire formally outlining the facts is not adequate evidence that a charge of discrimination is being made.

Apparently the backlog of cases in the local office necessitates a return visit for additional paperwork. However, the Washington Field office's internal procedures can not act as a bar to Plaintiff's claim in this case.

### 2. THE STATUTE OF LIMITATIONS WAS TOLLED WHILE THE PLAINTIFF WAS EXHAUSTING HER ADMINISTRATIVE REMEDIES

Defendant argues that the one year statute of limitations for assault and battery bars recovery by the Plaintiff in this matter because the Plaintiff failed to file her common law claims within one year of the incident. As stated in Plaintiff's first argument, in the year after the assault the Plaintiff was pursuing the administrative portion of her employment discrimination claim through the internal procedures established by her employer. As such, the statute of limitations for the assault and battery claim did not begin to run until Plaintiff has exhausted her administrative remedies.

The assault and battery claim relies upon the same set of facts alleged in the employment discrimination claim. As such, the claims are indistinguishable from each other and the recovery would be the same for both actions. In addition, attendant common law torts claims are routinely prosecuted along with statutory claims of workplace discrimination. As a result of the interrelationship between the two claims and Plaintiff's obligation to exhaust her administrative remedies, Plaintiff's lawsuit is timely and should not be dismissed on limitations.

WHEREFORE, Defendant's motion should be denied.

                                              Respectfully submitted,
                                              Marissa Carter

_____

Kenneth D. Bynum
Ronald Dixon
Bynum and Jenkins, PLLC
901 North Pitt Street, Suite 320
Alexandria, VA 22314
(703) 549-7211