UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| Marissa L. Carter | ) | |
| 809 Sheridan Street | ) | |
| Hyattsville, Maryland  20783 | ) | |
| | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 05-1970 |
| | ) | Judge Leon |
| Washington Metropolitan Transit Authority | ) | |
| 600 Fifth Street, NW | ) | |
| Washington, DC 20001 | ) | |
| Defendant. | ) | |

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF THE
MOTION TO AMEND COMPLAINT**

Comes now, Plaintiff, Marissa Carter, by counsel, Ronald Dixon and Kenneth D.

Bynum of Bynum and Jenkins, PLLC, and respectfully file a Memorandum of Points and

Authorities in Support of the Motion to Amend the Complaint.

1. **The Local Rules and the Case Law Support the Notion that Motions to
Amend a Complaint Should be Liberally Granted.**

Local Rule Rule 15(a) provides for amendments before trial, permitting

amendments as matter of course at any time before responsive pleading is served;

thereafter pleadings may be amended by leave of court, and court is admonished to grant

amendments freely when justice so requires. *Hart v Knox County,* (1948, DC Tenn) 79 F

Supp 654, *app dismd* (1948, CA6 Tenn) 171  F. 2d 45.

The very purpose of <u>Fed. R. Civ. P. 15</u> is to reinforce principle that cases should be tried on their merits rather than technicalities of pleadings. *Limor v Buerger (In re Del-Met Corp.)* (2005, BC MD Tenn) 322 BR 781.

Unlike <u>Fed. R. Civ. P. 15(a)</u>'s "freely given" standard, which focuses mostly on bad faith of moving party and prejudice to opposing party, <u>Fed. R. Civ. P. 16(b)</u>'s "good cause" standard emphasizes diligence of party seeking amendment; prejudice to opposing party remains relevant but is not dominant criterion and indifference by moving party seals off this avenue of relief, irrespective of prejudice, because such conduct is incompatible with showing of diligence necessary to establish good cause. *O'Connell v Hyatt Hotels,* 357 F. 3d 152, (2004).

It is implicit in Rule 15 that plaintiff may amend his complaint only to add matters that would otherwise have been proper to include in original complaint. *Martinez v Safeway Stores, Inc.* (1975, ND Cal). The clear and unambiguous language in the rule allows for the amendment of the complaint in this case.

Rule 15.  Amended and Supplemental Pleadings
(a) Amendments. A party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served or, if the pleading is one to which no responsive pleading is permitted and the action has not been placed upon the trial calendar, the party may so amend it at any time within 20 days after it is served. Otherwise a party may amend the party's pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires. A party shall plead in response to an amended pleading within the time remaining for response to the original pleading or within 10 days after service of the amended pleading, whichever period may be the longer, unless the court otherwise orders.

District court judges in this jurisdiction have routinely granted such motions. In *Childers v. Mineta,* , 205 F.R.D. 29; 2001 U.S. Dist. LEXIS 23443; 52 Fed. R. Serv. 3d (Callaghan) 436, November 26, 2001, Decided, November 26, 2001, the court found an employee did not unduly delay, act in bad faith, or fail to correct deficiencies in filing a

motion to amend a complaint and therefore amending the complaint caused relatively minimal delay, and would not have unduly prejudiced employer. The court granted the Plaintiff's motion for leave to amend.

In *Stephenson v. Langston*, 205 F.R.D. 21; 2001 U.S. Dist. LEXIS 23436, November 19, 2001, Decided, November 20, 2001, a motion to Dismiss and or for Summary Judgment was denied as the amendment was made early on in the proceedings and the Defendant had not yet filed a responsive pleading.

In the instant case, the primary purpose of the motion to amend is to include and clarify exactly when the Plaintiff filed her charge of discrimination. The gravaman of Defendant's Motion to Dismiss is that Plaintiff failed to plead that the charge of discrimination was made in October 2004. Put another way, Defendant's allegation that the charge of discrimination was made in January 2005 and is therefore untimely is refuted if the amendment stating the correct date is made.

If the amendment is allowed it will not cause any undue delay or prejudice to the Defendant as the lawsuit is less that four months old and formal discovery on the issues has not commenced. Therefore, the motion to amend the complaint should be granted.

WHEREFORE, for the reasons stated above, the Plaintiff's motion to amend the complaint should be granted.

Respectfully submitted,
Marissa Carter

_____
Ronald Dixon
Kenneth D. Bynum
Bynum and Jenkins, PLLC
901 North Pitt Street, Suite 320
Alexandria, VA 22314
(703) 549-7211