UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

Marissa L. Carter )
809 Sheridan Street )
Hyattsville, Maryland  20783 )
)
)
     Plaintiff, )
)
v. )   Civil Action No. 1:05-CV-01970-rjl
)
Washington Metropolitan Transit Authority )
600 Fifth Street, NW )
Washington, DC 20001 )
     Defendant. )
                                       )

AMENDED COMPLAINT
(Equal Employment Opportunity)

JURISDICTION AND VENUE

1. This is an action to vindicate the right against sex discrimination in employment secured by Title VII of the 1964 Civil Rights Act, as amended, 42 U.S.C. §2000e et seq. ("Title VII" hereafter).  This Court has jurisdiction pursuant to §706(f)(3) of Title VII, 42 U.S.C. §2000e-5(f)(3).

2. Venue lies in this Court pursuant to 28 U.S.C. 1391(b) and 42 U.S.C. 2000e-5(f)(3).

PARTIES

3. Plaintiff Marissa Carter (or "Carter") is an adult female citizen of the United States residing in the State of Maryland.

4. Defendant Washington Metropolitan Area Transit Authority ("WMATA") is a corporation headquartered in Washington, D.C.  WMATA employs more than 500

people, and accordingly is an "employer" within the meaning of §701(b) of Title VII, 42 U.S.C. §2000e(b).

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

5. In or about July 6, 2004, while at work, Plaintiff was sexually assaulted by Carl Landsdowne another WMATA employee. In or about July 7, 2004, Plaintiff made a complaint about this sexual assault to her supervisor. In or about July of 2004, WMATA investigated Plaintiff's claim of sexual discrimination. In or about October 4, 2004, WMATA, by letter, informed Plaintiff that it concluded that she had not been the victim of sexual discrimination. In or about October 25, 2004, Plaintiff made a complaint of sexual discrimination against Landsdowne and WMATA with the U.S. Equal Employment Opportunity Commission (hereinafter "EEOC) at it Washington Field Office. In January 19, 2005, Plaintiff was called in by the EEOC for additional questions with regard to her complaint made on October 25, 2004. In or about July 5, 2005, the EEOC mailed Plaintiff a Notice of Right to Sue. Plaintiff received the notice of her right to sue on July 8, 2005. Plaintiff has therefore exhausted administrative remedies and is entitled to bring this action.

## FACTS

6. From April of 1989 until the present Carter has been employed by WMATA. Carter has held several positions with WMATA culminating in the position she held, subway train station manager, Ft. Totten Station, when she was sexually assaulted. Carter was well suited and highly qualified for this position.

7. Throughout the period relevant to this Amended Complaint, Carl Lansdowne ("Lansdowne") was an employee of WMATA and worked as a bus operator.

8. Throughout the period relevant to this Amended Complaint, Lansdowne as a WMATA employee was required to attend and complete a sexual harassment training program and take refresher courses yearly.

9. In or about July 6, 2004, Carter was working her normal tour of duty for WMATA as the station manager at the Ft. Totten subway station. That station was a stop over location for metro bus riders and buses.

10. Carter was approached by Lansdowne inside the station kiosk and asked by Lansdowne to use the office telephone. Carter directed Lansdowne to the telephone and returned to her work.

11. Unbeknownst to Carter, Lansdowne quietly approached Carter from the rear and when close enough to her placed his hand inside the back of Carter's pants making contact with the upper portion of her buttocks with his fingers.

12. Carter reacted immediately and turned to see Lansdowne behind her smiling pulling his hand back and touching his own private parts.

13. Carter did not consent to or otherwise agree to this unwanted sexual touching.

14. Carter confronted Lansdowne and made an immediate report to her supervisor, complaining about Lansdowne's conduct.

15. Upon information and belief, similarly situated female employees of WMATA, have been subjected to the same or similar sexually tinged unwanted contact with male employees of WMATA.

16. Upon information and belief, male employees of WMATA have not received sexual harassment training and the law against sexual harassment is not enforced by WMATA.

17. Upon information and belief, WMATA was aware of sexual harassment of its female employees but chose to do nothing about it.

18. WMATA, as an employer of at least 500 employees and more, is aware of its responsibility to maintain a work environment that is safe from sexual harassment. Sexual harassment results in physical and mental injury to those who are its victims.

19. Upon information and belief, WMATA is aware that Lansdowne has committed other acts of a similar nature against other female employees of WMATA.

CLAIM

COUNT I

TITLE VII:  DISPARATE TREATMENT BASED ON SEX

20. Plaintiff incorporates herein by reference the allegations contained in ¶¶1 through 19.

21. WMATA subjected Plaintiff to discriminatory terms and conditions of employment and subjected her to a hostile work environment, sexual touching, and retaliation based on her sex, all in violation of Title VII of the 1964 Civil Rights Act, as amended, 42 U.S.C. §2000e et seq. ("Title VII").

22. As a direct and proximate result of WMATA's conduct as aforesaid, Plaintiff has been subjected to sex discrimination, sexual assault and battery, suffered injury to professional reputation, economic injury and mental distress.

## COUNT II

### COMMON LAW SEXUAL ASSAULT AND BATTERY

23. Plaintiff incorporates herein by reference the allegations contained in ¶¶1 through 22.

24. Lansdowne's touching of Carter as aforesaid was without Carter's consent.

25. Lansdowne's touching of Carter was solely for the purposes of satisfying his prurient interests.

26. As a direct and proximate result of Lansdowne's conduct as aforesaid, Plaintiff has been sexually assaulted and battered, suffered physical and psychological injury, injury to professional reputation, lost wages and wage earning capacity and mental distress.

## COUNT III

### RESPONDEAT SUPERIOR

27. Plaintiff incorporates herein by reference the allegations contained in ¶¶1 through 26.

28. At all relevant times Defendant Lansdowne was an employee of WMATA and was acting within the scope of his employment.

29. As a result of his actions WMATA is liable under the doctrine of respondeat superior for the conduct of Lansdowne, its employee.

30. As a direct and proximate result of Lansdowne's conduct as aforesaid, Plaintiff has been sexually assaulted and battered, suffered physical and psychological

5

injury, injury to professional reputation, lost wages and wage earning capacity and mental distress.

## COUNT IV

### NEGLIGENT SUPERVISION, TRAINING AND RETENTION

31. Plaintiff incorporates herein by reference the allegations contained in ¶¶1 through 26..

32. At all relevant times Defendant Lansdowne was an employee of WMATA and was acting within the scope of his employment.

33. WMATA employs more than 500 employees and has a duty to create and maintain a work place free of sexual harassment.

34. WMATA is responsible for training all of its employees about sexual harassment and how to prevent it in the workplace.

35. WMATA failed to train Lansdowne about sexual harassment and failed to maintain that training with Lansdowne.

36. As a direct and proximate result of Lansdowne's conduct as aforesaid, Plaintiff has been sexually assaulted and battered, suffered physical and psychological injury, injury to professional reputation, lost wages and wage earning capacity and mental distress.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Marissa Carter respectfully prays that this Court grant the following relief:

A. Payment of back pay; and restoration of attendant benefits, all retroactive to

July 6, 2004;

B. Payment of compensatory and punitive damages pursuant to 42 U.S.C. §1981a;

C. Payment of reasonable attorneys' fees and costs; and

D. Such other and further relief as may be deemed just and proper.

        BYNUM AND JENKINS PLLC

        _____
        Kenneth D. Bynum
        DC Bar No. 424515

        _____
        Ronald Dixon
        DC Bar No. 954628

        Suite 320
        901 N. Pitt Street
        Alexandria, Va. 22314
        703 549-7211

        Attorneys for Plaintiff
        Marissa L. Carter

## JURY DEMAND

Plaintiff requests trial by jury pursuant to Rule 38 of the Federal Rules of Civil Procedure.

        _____
        Kenneth D. Bynum