UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **MARISSA CARTER** )<br>)<br>**Plaintiff,** )<br>)<br>v. )<br>)<br>**WASHINGTON METROPOLITAN** )<br>**AREA TRANSIT AUTHORITY** )<br>)<br>**Defendant.** )<br>) | Case No. 1:05-cv-01970-RJL |

### DEFENDANT WMATA'S REPLY TO PLAINTIFF'S
### OPPOSITION TO WMATA'S MOTION TO DISMISS

#### INTRODUCTION

Defendant Washington Metropolitan Area Transit Authority ("WMATA") hereby submits this brief Reply to Plaintiff's Opposition to WMATA's Motion to Dismiss. In its initial Memorandum, WMATA demonstrated that: (1) the first Count (Title VII) must be dismissed because of Plaintiff's failure to file a Charge of Discrimination within 180 days of the incident in issue; and (2) the second and third Counts (Assault and Battery and Respondeat Superior) must be dismissed under the applicable one-year statute of limitations. In her Opposition, and through her Motion to Amend Complaint, Plaintiff tacitly acknowledges that her initial Complaint is time-barred. However, Plaintiff attempts to argue that, because she initially visited EEOC on October 25, 2004, and filled out a document called "Charge Questionnaire", her Charge of Discrimination (Exhibit A hereto), filed on January 19, 2005, should be deemed timely. As detailed below, Plaintiff's

arguments should be rejected.

## ARGUMENT

### I. The First Count Must Be Dismissed Because Plaintiff Failed To File A Charge Of Discrimination With EEOC Within 180 Days Of The Incident In Issue.

Even if Plaintiff's Motion to Amend Complaint were granted, this Count still must be dismissed for failure to file a Charge of Discrimination within 180 days. The very October 25, 2004 Charge Questionnaire (Exhibit B to Plaintiff's Memorandum) upon which she relies specifically lists "4-6-04" (on page 1) as the "most recent date the harm you alleged took place" or when relief was sought. The date "4-6-04" is also listed on page 2 of the same document as the date she sought assistance. April 6, 2004 is more than 180 days prior to October 25, 2004, when Plaintiff first appeared at EEOC and filled out the Charge Questionnaire. Consequently, Plaintiff's case is untimely regardless of whether the January 19, 2005 or October 25, 2004 date is utilized. See also Washington v. WMATA, 160 F.3d 750 (D.C. Cir. 1998) (holding that internal WMATA procedures for resolving discrimination complaints do not extend the time for filing a charge of discrimination with EEOC).

### II. The Second And Third Counts Must Be Dismissed Because Plaintiff Failed to File Suit Within One Year Of The Alleged Incident In Issue.

In Section II of its initial Memorandum, WMATA demonstrated that the second and third Counts of the Complaint, the common law assault and battery/respondeat superior claims, were barred by the one-year statute of

limitations under D.C. Code § 12-301(4). Without any legal support whatsoever, Plaintiff attempts to argue that the statute of limitations was tolled while she was purportedly exhausting her administrative remedies. Her argument fails for several reasons.

First, if her administrative Charge of Discrimination is untimely, no tolling can apply because she failed to timely exhaust her remedies. Second, assuming arguendo that the Court rejects WMATA's argument that her Charge was untimely, nonetheless tolling of the common law claims fails as a matter of law. In Johnson v. Railway Express Agency, Inc., 421 U.S. 454 (1975), the Court held that the timely filing of a Charge of Discrimination with EEOC did not toll the running of the limitation period for claims, based on the same set of facts, brought under 42 U.S.C. § 1981. See also Bronze Shields, Inc. v. New Jersey Dept. of Civil Serv., 667 F.2d 1074, 1085 (3d Cir. 1981) (rejecting the plaintiff's tolling argument and stating that "[e]quity does not provide for those who put all their eggs in one basket and refuse to take advantage of alternative avenues to relief). Moreover, District of Columbia law, which would govern the common law courts under § 80 of the WMATA Compact, D.C. Code § 9-1107.01(80), provides no relief for Plaintiff as "District of Columbia law does not recognize the concept of equitable tolling." Johnson v. Marcheta Inventors Limited Partnership, 711 A.2d 109, 111 n.2 (D.C. 1998). Neither WMATA's own internal investigation nor Plaintiff's untimely EEOC filing in any way remedy the untimeliness of all of her claims.

Consequently, independently of the untimeliness of Plaintiff's Title VII claims, the second and third Counts must be dismissed as well as untimely under D.C. Code § 12-301(4).

## **CONCLUSION**

For the foregoing reasons, and as set forth in greater detail in WMATA's initial Memorandum, WMATA respectfully requests that this Motion be granted and that this case be dismissed with prejudice.

> RESPECTFULLY SUBMITTED,
>
> Carol B. O'Keefe #445277
> General Counsel
>
> _____/s/_____
> Mark F. Sullivan #430876
> Deputy General Counsel
>
> _____/s/_____
> Gerard J. Stief #925933
> Associate General Counsel
> 600 Fifth Street, NW
> Washington, DC 20001
> (202) 962-1463
> Attorneys for Defendant WMATA

## **CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing **Defendant WMATA's Motion to Dismiss** was mailed, postage prepaid, this 6th day of February 2006, to:

Kenneth D. Bynum, Esq.
Ronald Dixon, Esq.
Bynum and Jenkins
901 North Pitt Street, Suite 320
Alexandria, VA 22314

/s/
Gerard J. Stief