UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MARISSA CARTER )<br>)<br>　　　Plaintiff, )<br>)<br>　　v. )<br>)<br>WASHINGTON METROPOLITAN )<br>　AREA TRANSIT AUTHORITY )<br>)<br>　　　Defendant. )<br>_____ ) | Case No. 1:05-cv-01970-RJL |

DEFENDANT WMATA'S OPPOSITION TO
PLAINTIFF'S MOTION TO AMEND COMPLAINT

Defendant Washington Metropolitan Area Transit Authority ("WMATA") hereby submits its Opposition to Plaintiff's Motion to Amend Complaint. Plaintiff, a WMATA station manager, filed her Complaint alleging that she was inappropriately touched by a fellow WMATA employee while on duty at the Fort Totten Metrorail Station in the District of Columbia. WMATA timely filed a Motion to Dismiss, demonstrating that the first Count (Title VIII) was barred by her failure to file a Charge of Discrimination until January 19, 2005 (original Complaint, Paragraph 5), which was more than 180 days after the July 6, 2004 incident alleged in her Complaint. Moreover, WMATA argued in its Motion to Dismiss that the second and third Counts of her Complaint (common law assault and battery/respondeat superior) were barred by the one-year statute of limitations of D.C. Code § 12-301(4) (2001).

In her Opposition to WMATA's Motion to Dismiss, as well as her Motion to

Amend Complaint, Plaintiff attempts to argue that the Court should overlook the fact that her Charge of Discrimination was not filed until January 19, 2005, but rather look at the fact that she filed a "Charge Questionnaire" on October 25, 2004. However, as set forth in greater detail in WMATA's Reply to Plaintiff's Opposition to WMATA's Motion to Dismiss, which is incorporated by reference, Plaintiff cannot rely upon the Charge Questionnaire because it sets forth April 6, 2004 as the date of the alleged assault. This date is more than 180 days before October 25, 2004. See also Washington v. WMATA, 160 F.3d 750 (D.C. Cir. 1998) (holding that internal WMATA procedures for resolving discrimination complaints do not extend the time for filing a charge of discrimination with EEOC). Consequently, Plaintiff's claims are time-barred under either scenario.

Even though Fed. R. Civ. P. 15(a) does provide that leave to amend "shall freely be given when justice so requires," it should not be given when the amendment itself is futile. See Bradley v. Val-Mejias, 379 F.3d 892, 901 (10th Cir. 2004) (affirming the denial of a motion to amend the complaint where "the claims contained therein would be futile due to the bar of the statute of limitations"). Here, regardless of whether the Court considers the original or the amended complaint, WMATA's Motion to Dismiss should be granted in its entirety.

## CONCLUSION

For the foregoing reasons, WMATA respectfully requests that Plaintiff;s Motion to Amend Complaint be denied.

RESPECTFULLY SUBMITTED,

Carol B. O'Keeffe #445277
General Counsel

/s/
Mark F. Sullivan #430876
Deputy General Counsel

/s/
Gerard J. Stief #925933
Associate General Counsel
600 Fifth Street, NW
Washington, DC 20001
(202) 962-1463
Attorneys for Defendant WMATA

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing **Defendant WMATA's Opposition to Plaintiff's Motion to Amend Complaint** was mailed, postage prepaid, this 7th day of February 2006, to:

Kenneth D. Bynum, Esq.
Ronald Dixon, Esq.
Bynum and Jenkins
901 North Pitt Street, Suite 320
Alexandria, VA 22314

/s/
Gerard J. Stief

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **MARISSA CARTER** | )<br>) |
| Plaintiff, | )<br>) |
| v. | )  Case No. 1:05-cv-01970-RJL<br>) |
| **WASHINGTON METROPOLITAN AREA TRANSIT AUTHORITY** | )<br>)<br>) |
| Defendant. | )<br>) |

**<u>ORDER</u>**

Upon consideration of Plaintiff's Motion to Amend Complaint and the Opposition thereto, and it appearing to the Court that such an amendment would be futile, it is by the Court this ____ day of _____, 2006:

ORDERED, that the Motion is denied.

_____
United States District Judge