UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

Marissa L. Carter               )
                                )
                                )
        Plaintiff,              )
                                )
v.                              )       Civil Action No. 05-1970
                                )       Judge Leon
Washington Metro Transit Authority  )
                                )
                                )
        Defendant.              )
                                )

**MOTION FOR RECONSIDERATION**

Comes now, Plaintiff, Marissa Carter, by counsel, Ronald Dixon and Kenneth D. Bynum of Bynum and Jenkins, PLLC, and respectfully file a Motion for Reconsideration of the Court's September 3, 2006 Order granting the Defendant's Motion to Dismiss. As grounds for the motion, Plaintiff asks the court to correct a manifest error and asserts as follows.

**A.    The Filing of the Charge Questionnaire Tolled the 180 Day Filing Period.**

In the court's order of September 3, 2006 granting Defendant's motion to dismiss, the court found that the Plaintiff filed her formal charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") outside of the 180 day jurisdictional limit. The court principally relied upon the Plaintiff's Complaint, Affidavit and Charge of Discrimination filed on January 19, 2005 and the Charge Questionnaire prepared on October 25, 2004. All of the documents

considered by the court excluding the Charge Questionnaire, correctly listed July 6, 2004 as the date of the incident upon which the Complaint was premised.[1]

Plaintiff had moved the court to amend the Complaint alleging that the October 25, 2004 Charge Questionnaire was tantamount to a formal charge of discrimination. Indeed, the Privacy Statement contained on the reverse side of the Charge Questionnaire at Subsection 3 Principle Purpose reads as follow: "The purpose of the Questionnaire is to solicit information in an acceptable form consistent with statutory requirements to enable the Commission to act on matters within its jurisdiction. When this form constitutes **the only timely written statement of allegations  of employment discrimination**, the Commission will . . . consider it to be a sufficient charge of discrimination under the relevant statutes.

Assuming, *arguendo*, the court reconsiders its order and rules consistent with what the EEOC represents to be a legitimate Title VII complaint given the utility of the Charge Questionnaire, the only remaining issue from Plaintiff's prospective is the seemingly innocuous, one-time mis-recollection of the Plaintiff about the date of the event she listed on the Charge Questionnaire. Simply put, Plaintiff has consistently listed, in all public and private documents that July 6, 2004 was the date of the incident. However, the court's final order turns upon the use of the April 6, 2004 date to the detriment of the Plaintiff. The Plaintiff asserts that such a strict view of the 180 day rule ignores the liberal interpretation generally given to the statute to preserve the rights of mistreated employees.

---

[1] Defendant WMATA will concede that the Incident Report compiled on July 7, 2004 by the Plaintiff for WMATA lists July 6, 2004 as the date of the incident. See, Plaintiff's Motion to Amend Complaint and Amended Complaint.

2

*See, Bible Way Church of our Lord Jesus Christ v. Beards,* 680 A 2d 419, 430 (DC 1996).

Regarding the Court's finding that January 19, 2005 was the first time that Plaintiff formally complained to the EEOC and that date being outside of the 180 day time limit to file a complaint, the court must rely upon the language the EEOC places in the Privacy Statement of the Charge Questionnaire and conclude that the filing was timely. Under this line of reasoning, the court should not have granted Defendant's Motion to Dismiss as the claims should have been a "sufficient charge of discrimination" as of October 25, 2004, no more than 110 days after the incident and well within the 180 day statutory reporting period and ample time for an investigation to be conducted.

Whether to grant a motion to reconsider is a matter committed to the sound discretion of the district court. *Caisse Nationale de Credit v. CBI Industries, Inc.*, 90 F.3d 1264, 1270 (7th Cir. 1996). In determining whether to exercise its discretion to grant reconsideration, the Court starts with the proposition that such motions "serve a limited function: to correct manifest errors of law or fact or to present newly discovered evidence." *Publishers Resource, Inc. v. Walker-Davis Publications, Inc.*, 762 F.2d 557, 561 (7th Cir. 1985) (*quoting Keene Corp. v. International Fidelity Ins Co.*, 561 F. Supp. 656, 665-66 (N.D. Ill. 1982)). A motion to reconsider should only be presented when the law or facts change significantly after the issue is presented to the court, or the court has "patently misunderstood a party," has "made a decision outside the adversarial issues presented" to it, or has "made an error not of reasoning but of

3

apprehension."  <u>Bank of Waunakee v. Rochester Cheese Sales, Inc.</u>, 906 F.2d 1185, 1191 (7th Cir. 1990).

In the instant case, the court should grant the Motion for Reconsideration to correct a manifest error. Looking solely at the EEOC Privacy Statement listed on the Charge Questionnaire filed October 25, 2004, the court should, in the interests of justice, find that the document is the only form that constitutes a timely written statement of allegations of employment discrimination, and should follow the EEOC's reasoning and consider it to be a sufficient charge of discrimination under the relevant statutes.

**B.    THE DOCTRINE OF EQUITABLE TOLLING PRESERVES THIS CLAIM.**

The doctrine of equitable tolling allows this claim to proceed. The affidavit of the Plaintiff filed as an exhibit in the Opposition to the Defendant's Motion to Dismiss, states that the EEOC representatives advised her on October 25, 2004 that the January 19, 2005 appointment was simply a follow up to the first meeting and never averred that she had not made a charge of discrimination in October. The Plaintiff was unrepresented in October 2004. Relying on the EEOC, Plaintiff returned to their offices on January 19, 2005, a date the EEOC should have known was outside the 180 day reporting period even assuming the April 6, 2004 date listed on the Charge Questionnaire was correct.

The doctrine of Equitable tolling is premised on the plaintiff's excusable neglect, which may or may not be attributable to the defendant. *See, e.g.,* <u>Hamilton v. Komatsu Dresser Indus., Inc.</u>, 964 F.2d 600, 605 (7th Cir. 1992). These principles can apply if the EEOC "lulls" or "affirmatively induces" the

4

plaintiff into inaction, *see* <u>Schroeder v. Copley Newspaper, 879 F.2d 266, 271 (7th Cir. 1989),</u> or if the EEOC engages in "misleading conduct." *See* <u>Early v. Bankers Life and Casualty Co., 959 F.2d 75, 81 (7th Cir. 1992).</u> Numerous circuit courts have held that when an administrative agency misleads a complainant, particularly one who is proceeding pro se, equitable tolling may be justified. *See, e.g., Early*, <u>959 F.2d at 81</u> (citing misleading conduct by the EEOC as a basis for equitable tolling**)**; <u>*Anderson v. Unisys Corp.*, 47 F.3d 302, 307 (8th Cir. 1995)</u> (when administrative agency misleads a pro se complainant, equitable tolling may be justified); <u>*Wilson v. Dep't of Veterans Affairs*, 65 F.3d 402, 404 (5th Cir. 1995),</u> (finding that misleading information from the EEOC may justify equitable tolling**)**; <u>*Martinez v. Orr*, 738 F.2d 1107, 1111-12 (10th Cir. 1984)</u> (finding equitable tolling appropriate where notice from EEOC misled pro se claimant regarding the finality of EEOC action). In *Early*, the 7th Circuit Court of Appeals reversed the dismissal of an age discrimination complaint based on the failure to file a charge with the EEOC within the statutory period. The plaintiff in *Early* alleged that he had received misinformation from the agency which might have tolled the statute of limitations, and we held that the plaintiff was entitled to attempt to show whether he filed his charge as early as he realistically could given the agency's misinformation. *Early*, <u>959 F.2d at 81.</u>

      In the case at bar, Plaintiff was advised to return to the EEOC after she filed her Charge Questionnaire on a date that this court has concluded is outside the 180 statutory reporting period. See, Order of September 3, 2006 at page 6. Has the EEOC not misled her, she would have been urged to complete the

5

Charge of Discrimination on October 25, 2004 which at that time was well within the 180 days of July 6, 2004, or should have been advised that she was already outside of the statutory reporting period given her listing of April 6, 2004 as the date of the incident. She was instead asked to report for follow up on January 19, 2005. At a minimum, the Plaintiff was misled by the EEOC into believing her claim would still be ripe as of January 19, 2005. For this reason alone, the doctrine of equitable tolling should preserve this claim.

The Court has numerous reasons to grant Plaintiff's Motion for Reconsideration and should do so to correct manifest injustice.

WHEREFORE, for the reasons stated above, the Plaintiff's Motion for Reconsideration should be granted.

Respectfully submitted,
Marissa Carter


_____/S/_____
Ronald Dixon
Kenneth D. Bynum
Bynum and Jenkins, PLLC
901 North Pitt Street, Suite 320
Alexandria, VA 22314
(703) 549-7211 Telephone
(703) 549-7701 FAX

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY THAT I served by first class mail, Plaintiff's Motion for Reconsideration this 8th day of September 2006 to Gerard Stief, Esquire, WMATA-Office of General Counsel, 600 5th Street, NW, Washington, DC 20001.

_____/S/_____
Kenneth D. Bynum

6