## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **MARISSA CARTER** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| **v.** ) | **Case No. 1:05-cv-01970-RJL** |
| ) | |
| **WASHINGTON METROPOLITAN** ) | |
| **AREA TRANSIT AUTHORITY** ) | |
| ) | |
| **Defendant.** ) | |
| ) | |

## DEFENDANT WMATA'S OPPOSITION TO
## PLAINTIFF'S MOTION FOR RECONSIDERATION

Defendant Washington Metropolitan Area Transit Authority ("WMATA") hereby submits this brief Opposition to Plaintiff's Motion for Reconsideration.  On September 5, 2006, the Court issued a Memorandum Opinion and Order dismissing all three counts of Plaintiff's Complaint and this action.  On September 8, 2006, Plaintiff filed the instant motion, seeking reconsideration of the dismissal of Count I (the Title VII count).  For the reasons set forth below, as well as in WMATA's initial motion to dismiss, WMATA's reply thereto, and the Court's September 5, 2006 decision, there is no basis to change the Court's decision, and the motion for reconsideration should be denied.

As Plaintiff acknowledges at pp. 3-4 of her Motion for Reconsideration, such motions serve only the limited function of correcting manifest errors of law or fact or to present newly discovered evidence which the party lacked the opportunity to advance before.  These motions cannot be utilized to raise new evidence or arguments

that could have been presented earlier.  See Caisse Nationale de Credit Agricole v. CBI Industries, Inc., 90 F.3d 1264, 1270 (7th Cir. 1996) ("Reconsideration is not an appropriate forum for rehashing previously rejected arguments or arguing matters that could have been heard during the pendency of the previous motion"); Keene Corp. v. International Fidelity Ins. Co., 561 F. Supp. 656, 665 (N. D. Ill. 1982), aff'd, 736 F.2d 388 (7th Cir. 1984) (stating that motions for reconsideration "cannot in any case be employed as a vehicle to introduce new evidence that could have been adduced during pendency of the summary judgment motion").

In her Motion for Reconsideration, Plaintiff raises two arguments: (1) the filing of the Charge Questionnaire tolled the 180-day administrative filing period; and (2) equitable tolling preserves this claim.  Both arguments ignore the rationale of the court's September 5, 2006 ruling.  With respect to the former, this court correctly recognized its duty to resolve preliminary issues such as the 180-day filing requirement.  Moreover, the court properly rejected Plaintiff's attempt to toll a July 6, 2004 "event" date with an October 25, 2004 Charge Questionnaire twice referencing an April 6, 2004 "event" date, which on its face would be untimely.  Indeed, the very language from note 3 of the Charge Questionnaire quoted by Plaintiff at page 2 of her Motion for Reconsideration ("When this form constitutes the only timely written statement of employment discrimination, the Commission will . . . consider it to be a sufficient charge of discrimination under the relevant statute(s)") is undermined by the fact that Plaintiff did file an untimely Charge of Discrimination on January 19, 2005.

2

(Exhibit A to WMATA's February 6, 2006 Reply to Plaintiff's Opposition to WMATA's Motion to Dismiss).

With regard to Plaintiff's second argument, Plaintiff appears to use the phrase "equitable tolling" for the first time.  As noted above, motions for reconsideration are not the vehicle for raising new arguments.  To the extent Plaintiff seeks to raise a new argument, it should be deemed waived.  However, the Court's September 5, 2006 decision more that adequately covers the arguments raised by Plaintiff.  Equitable tolling is discretionary for the court, not mandatory, and must be limited to "'extraordinary and carefully circumscribed instances'" not present here.  Washington v. WMATA, 160 F.3d 750, 753 (D.C. Cir. 1998).  The  crux of this court's September 5, 2006 ruling -- and the fatal flaw in Plaintiff's argument -- is that, assuming, arguendo, that the "event" occurred on July 6, 2004, her failure to file a Charge of Discrimination until January 19, 2005, more than 180 days later, cannot be extended or tolled by an October 25, 2004 Charge Questionnaire which specifically states that the "event" occurred on April 6, 2004.  Both October 25, 2004 and January 19, 2005 are more than 180 days after April 6, 2004.  In light of Plaintiff's failure to meet the 180-day requirement, this Court properly dismissed the case.

## CONCLUSION

For the foregoing reasons, WMATA respectfully requests that Plaintiff's Motion for Reconsideration be denied.

RESPECTFULLY SUBMITTED,

Carol B. O'Keeffe #445277
General Counsel


_____/s/_____
Mark F. Sullivan #430876
Deputy General Counsel


_____/s/_____
Gerard J. Stief #925933
Associate General Counsel
600 Fifth Street, NW
Washington, DC 20001
(202) 962-1463
Attorneys for Defendant WMATA


## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing **Defendant WMATA's Opposition to Plaintiff's Motion for Reconsideration** was mailed, postage prepaid, this 20th day of September 2006, to:

Kenneth D. Bynum, Esq.
Ronald Dixon, Esq.
Bynum and Jenkins
901 North Pitt Street, Suite 320
Alexandria, VA 22314


_____/s/_____
Gerard J. Stief

4

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **MARISSA CARTER** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| **v.** ) | **Case No. 1:05-cv-01970-RJL** |
| ) | |
| **WASHINGTON METROPOLITAN** ) | |
| **AREA TRANSIT AUTHORITY** ) | |
| ) | |
| **Defendant.** ) | |
| ) | |

<u>**ORDER**</u>

Upon consideration of Plaintiff's Motion for Reconsideration and the

Opposition thereto, it is by the Court this ____ day of _____, 2006:

ORDERED, that the motion is denied.

_____
United States District Judge