# United States Court of Appeals
**FOR THE DISTRICT OF COLUMBIA CIRCUIT**

---

Argued September 11, 2007          Decided October 5, 2007

No. 06-7174

MARISSA L. CARTER,
APPELLANT

v.

WASHINGTON METROPOLITAN AREA TRANSIT AUTHORITY,
APPELLEE

---

Appeal from the United States District Court
for the District of Columbia
(No. 05cv01970)

---

*Ronald Dixon* argued the cause for appellant. With him on the brief was *Kenneth D. Bynum.*

*Gerard J. Stief* argued the cause for appellee. With him on the brief was *Mark F. Sullivan.*

Before: HENDERSON, RANDOLPH and BROWN, *Circuit Judges*.

Opinion for the court filed by *Circuit Judge* BROWN.

BROWN, *Circuit Judge*: Marissa Carter appeals the district court's dismissal of her complaint, alleging unlawful discrimina-

2

tion by her employer, the Washington Metropolitan Area Transit Authority. Carter contends her completed, but inaccurate, EEOC questionnaire constituted a timely filed charge of discrimination. We conclude Carter's charge was timely. Therefore, we reverse the district court's dismissal of her complaint.

I

On July 6, 2004, Marissa Carter was allegedly sexually assaulted by a co-worker while working as a subway station manager for the Washington Metropolitan Area Transit Authority (WMATA). Carter immediately reported the incident to her supervisor. WMATA's Office of Civil Rights conducted an internal investigation and found insufficient evidence of sexual harassment. An October 4, 2004 letter from WMATA to Carter reported the results of the investigation and noted Carter's right to file a discrimination complaint with the Equal Employment Opportunity Commission (EEOC).

On October 25, 2004, Carter went to the EEOC and asked to file a charge of discrimination against WMATA. The EEOC gave Carter a "Charge Questionnaire," which she completed that same day. The questionnaire states that "[w]hen this form constitutes the only timely written statement of allegations of employment discrimination, the Commission will . . . consider it to be a sufficient charge of discrimination under the relevant statute(s)." The questionnaire included Carter's name and contact information, identified WMATA as Carter's employer, contained Carter's handwritten description of the alleged incident, and noted that WMATA had conducted an investigation. On the questionnaire, Carter handwrote "4-6-04" and "4-04" as the dates on which she sought and obtained WMATA's assistance in dealing with the assault. She also

3

handwrote "4-6-04" as the date on which the alleged incident occurred.

During her October 25, 2004 visit, the EEOC told Carter to return for a follow-up meeting on the next available date, which was January 20, 2005. Carter claims she had no control over the date of her follow-up meeting. She returned to the EEOC one day early and filed a "Charge of Discrimination" on January 19, 2005. In contrast to the October questionnaire, the January 19, 2005 document correctly listed July 6, 2004 as the date of alleged discrimination.

After receiving a right-to-sue letter from the EEOC, Carter filed a complaint against WMATA in federal district court on October 5, 2005. Her complaint contained a Title VII claim alleging gender-based discrimination. On January 9, 2006, WMATA moved to dismiss, arguing Carter had not filed a charge of discrimination with the EEOC within 180 days of July 6, 2004, as required by Title VII. *See* 42 U.S.C. § 2000e-5(e)(1).[1] In response, Carter contended her October 25, 2004 questionnaire should constitute a timely charge of discrimination. The district court granted WMATA's motion to dismiss Carter's complaint with prejudice. The district court reasoned that Carter's responses to the October 25, 2004 questionnaire rendered the questionnaire untimely because she handwrote April 6, 2004 as the date of the alleged discrimination, and April 6 falls more than 180 days prior to October 25. In addition, the district court noted Carter's January 19, 2005 charge fell more than 180 days after the alleged discrimination. After the district court dismissed the complaint, Carter filed a motion for reconsideration, which—for the first time—asserted that the equitable

---

[1] Aside from the argument that Carter's charge was untimely, WMATA does not attack the sufficiency of the October 25, 2004 questionnaire.

4

tolling doctrine should excuse her potential untimeliness. The district court denied Carter's motion for reconsideration.

II

We review the district court's order granting the motion to dismiss *de novo*. *King v. Jackson*, 487 F.3d 970, 972 (D.C. Cir. 2007).

Title VII prohibits a variety of employment practices, including gender-based discrimination. *See* 42 U.S.C. § 2000e-2(a). The statute's enforcement scheme required Carter to file a charge of discrimination with the EEOC "within one hundred and eighty days *after the alleged unlawful employment practice occurred*." 42 U.S.C. § 2000e-5(e)(1) (emphasis added). *See generally Ledbetter v. Goodyear Tire & Rubber Co.*, 550 U.S. ___, 127 S. Ct. 2162, 2170-71 (2007) (explaining that Congress established this deadline to "encourage the prompt processing" of charges and protect employers from having to defend stale claims). This requirement essentially functions as a statute of limitations for Title VII actions. *See Zipes v. Trans World Airlines, Inc.*, 455 U.S. 385, 393 (1982) ("[A] timely charge of discrimination with the EEOC is not a jurisdictional prerequisite to suit in federal court, but a requirement that, like a statute of limitations, is subject to waiver, estoppel, and equitable tolling."). Most importantly for the purposes of this appeal, the 180-day filing period begins on the date "the alleged unlawful practice occurred"—not the date listed in the charge itself. *See* 42 U.S.C. § 2000e-5(e)(1).

Both parties agree the alleged incident occurred on July 6, 2004. In fact, WMATA acknowledges Carter simply made a

5

mistake when she wrote "4-6-04" and "4-04" on the EEOC questionnaire.[2]

Since the parties agree July 6, 2004 is the date "the alleged unlawful practice occurred," Title VII required Carter to file a charge *within 180 days of July 6, 2004*. *See* 42 U.S.C. § 2000e-5(e)(1). This is, in fact, exactly what she did. Her completion of an EEOC questionnaire on October 25, 2004 fell well within the 180-day filing period that commenced on July 6, 2004. Accordingly, the district court should not have granted WMATA's motion to dismiss.

We reach our holding by applying the plain language of Title VII to the undisputed facts of this case, but our holding is consistent with the statute's spirit as well. WMATA had notice of Carter's allegation from the outset. A significant purpose of Title VII's charge requirement is to notify the employer of the nature of the allegation. *See* 42 U.S.C. § 2000e-5(e)(1) (establishing the 180-day filing period for charges and requiring that

---

[2] Because the district court held Carter's questionnaire was untimely, Carter argued—as an apparent afterthought—that the equitable tolling doctrine should excuse any untimeliness. We conclude this argument was improperly raised because Carter first raised it in her motion for reconsideration, despite the fact that reconsideration is only appropriate when "the moving party shows new facts or clear errors of law which compel the court to change its prior position." *Nat'l Ctr. for Mfg. Sci. v. Dep't of Def.*, 199 F.3d 507, 511 (D.C. Cir. 2000); *see also Caisse Nationale de Credit Agricole v. CBI Indus., Inc.*, 90 F.3d 1264, 1270 (7th Cir. 1996) ("Reconsideration is not an appropriate forum for rehashing previously rejected arguments or arguing matters that could have been heard during the pendency of the previous motion."). Carter's equitable tolling argument demonstrated neither "new facts" nor "clear errors of law." Accordingly, she did not properly raise—and we do not reach the merits of—this argument.

6

"notice of the charge . . . be served upon the person against whom such charge is made"); *EEOC v. Shell Oil Co.*, 466 U.S. 54, 75 (1984) (explaining that providing an employer notice of a charge "seems to have been designed to ensure that the employer was given some idea of the nature of the charge"). Carter *immediately* reported the incident to her supervisor; WMATA began its investigation the same day and had completed its review by the time Carter filed her October 25, 2004 questionnaire. WMATA had immediate and adequate notice.

As the Supreme Court recently emphasized in *Ledbetter*, Title VII's procedural framework—including the 180-day charging period—must be respected. 127 S. Ct. at 2170-72. Indeed, "strict adherence to the procedural requirements specified by the legislature is the best guarantee of evenhanded administration of the law." *Id.* at 2171 (internal quotation marks omitted). In this context, we note our decision does nothing to undermine Congress's careful calibration of Title VII's procedures.[3] Carter's October 25, 2004 questionnaire—along with the undisputed fact that the alleged discrimination occurred on July 6, 2004—fulfills the requirement of a filing within 180 days of the alleged discrimination. Accordingly, we reverse the district court's dismissal of Carter's complaint.

III

We reverse the district court's order granting WMATA's motion to dismiss and remand for further proceedings consistent with this opinion.

---

[3] Our holding does *not* rest on the relation-back doctrine delineated in 29 C.F.R. § 1601.12, which applies in relatively narrow circumstances.

7

*So ordered.*